UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROLYN ELIZABETH GRIFFIN,<br><br>Plaintiff,<br><br>v.<br><br>VENTURA MILITARY BASE, et al.,<br><br>Defendants. | Case Nos. 15-CV-00643-LHK<br>15-CV-01803-LHK<br>15-CV-01914-LHK<br><br>**ORDER DENYING PLAINTIFF'S PENDING MOTIONS AND DISMISSING PLAINTIFF'S COMPLAINTS WITH PREJUDICE** |

Since February 11, 2015, pro se plaintiff Carolyn Elizabeth Griffin ("Plaintiff") has filed multiple 740-page complaints in this district against defendants Ventura Military Base and the Office of the Chief of Naval Operations (collectively, "Defendants"). *See* Case Nos. 15-00643 (N.D. Cal.), 15-01803 (N.D. Cal.), 15-01914 (N.D. Cal.). Plaintiff filed a fourth 740-page complaint in the Central District of California. *See* Case No. 15-00573 (C.D. Cal.).

Each of these prolix complaints alleges, inter alia: (1) Plaintiff was in charge of the "Arctic Oil Project" when her DNA allegedly was obtained unlawfully and "sent for input into the military, satellite space based technology, Ventura Military Base computer system with criminal intent, to commit numerous crimes"; (2) "five lawyers" working on behalf of Plaintiff and others

1
Case Nos. 15-CV-00643-LHK; 15-CV-01803-LHK; 15-CV-01914-LHK
ORDER DENYING PLAINTIFF'S PENDING MOTIONS AND DISMISSING PLAINTIFF'S COMPLAINTS WITH PREJUDICE

involved in the "Arctic Oil Project" allegedly were murdered, either by "hit operators" or by "direct hits to their hearts by the codes sent by the Fort Meade-NSA Army, to the Ventura Military Base department where the employees input the codes into the military computer system, that caused a heart attack for their death"; (3) Defendants and/or other federal agencies or employees attempted to stalk, murder, kidnap, sexually abuse, or frame Plaintiff, and allegedly rape her on television; (4) Plaintiff has been tortured by means of "electromagnetic vice head pressure force," "electromagnetic weaponry blasts," "electromagnetic weaponry" that "target[s] [Plaintiff's] brain stem," "micro-waves," "satellite space based technology," "computer talk," and "whisper talk"; (5) the "Fort Meade Army Base NSA Division," in a conspiracy with the Department of Homeland Security and possibly other agencies, allegedly sent codes, "along with other terrorist acts with genocide intent," purportedly in order to control victims, steal assets, commit genocide, and kidnap Plaintiff or her family "with heinous very sick satanic involvement"; (6) the "Fort Meade-NSA Army" set up bazookas in Plaintiff's neighborhood to blow up Plaintiff's residence or her yacht, and later allegedly used bazookas, napalm, or rocket launchers against Plaintiff on the freeway, in stores, or at her yacht; (7) the U.S. Army engaged in "Satanism group rape" during which victims allegedly were beaten, thrown over a cliff, and murdered "during satanic occult ritual ceremonies where the heart is ripped out of the chest"; (8) the "Fort Meade-NSA Army" sent fighter jets to drop bombs on Plaintiff's house and yacht, but supposedly were prevented from doing so by the Air Force; (9) the National Security Agency and Department of Homeland Security attempted to arrest Plaintiff and have her raped and murdered in a California jail; (10) Defendants and others used satellite-based electromagnetic "voice on the skull" technology on Plaintiff, induced dreams to suggest injury or death, induced pornographic dreams, and tortured Plaintiff by purported "non-stop computer talk"; and (11) Defendants and others allegedly used sexual "computer talk" on men with whom Plaintiff attempted to conduct business relationships, purportedly causing the men to "think completely wrong" about Plaintiff and ruining Plaintiff's

business. ECF No. 1 at 21-23, 32, 35, 39-45, 60, 82; ECF No. 1-1 at 7, 16, 22, 26-27.[1]

In addition to these complaints, Plaintiff has filed twenty-nine motions over the past few months seeking various forms of relief related to the above allegations. *See* ECF Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 21, 23, 25, 27, 29, 31, 34, 36, 38, 40, 42, 44, 46, 48, 50, 52. For example, on March 19, 2015, Plaintiff requested an order from the Court for "immediate early release of . . . , in one lump sum, after taxes, Two Billion, five hundred Million (after taxes) USD" from the U.S. Treasury. ECF No. 21 at 2.[2]

As the foregoing makes clear, Plaintiff's allegations are patently frivolous. Dismissal is therefore appropriate for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (holding that a federal court lacks subject matter jurisdiction over claims that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy" (internal quotation marks omitted)); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is obviously frivolous does not confer federal subject matter jurisdiction, and may be dismissed sua sponte . . . ." (citation and internal quotation marks omitted)). Reviewing allegations identical to those presented here, U.S. District Judge Beverly Reid O'Connell dismissed Plaintiff's lawsuit in the Central District. *See* Case No. 15-00573 (C.D. Cal.), ECF No. 5. In so doing, Judge O'Connell adopted U.S. Magistrate Judge Charles F. Eick's conclusion that "the allegations of the present Complaint are frivolous and delusional." *Id.* at 3. The allegations are no different here.

Accordingly, the Court hereby DENIES all of Plaintiff's pending motions and, because amendment would be futile, DISMISSES WITH PREJUDICE Plaintiff's complaints in Case Nos. 15-00643 (N.D. Cal.), 15-01803 (N.D. Cal.), and 15-01914 (N.D. Cal.). *See, e.g.*, *Cain v. City of*

---

[1] Unless otherwise indicated, ECF references are to the docket of Case No. 15-00643.
[2] On March 30, 2015, the Court denied Plaintiff's request for an emergency temporary restraining order and referred Plaintiff to the Federal Legal Assistance Self-Help Center ("FLASH") at the San Jose Courthouse for assistance. ECF No. 57.

*Ventura*, No. CV 11-5390-DMG E, 2011 WL 4403290, at *1-2 (C.D. Cal. July 7, 2011) (dismissing with prejudice a plaintiff's complaint alleging "surveillance by military jets and helicopters" and "purported torture by means of bioelectromagnetic devices and microwaves emitted from satellites"), *report and recommendation adopted*, No. CV 11-5390-DMG E, 2011 WL 4403288 (C.D. Cal. Sept. 21, 2011); *Bivolarevic v. U.S. CIA*, No. C 09-4620 SBA, 2010 WL 890147, at *2 (N.D. Cal. Mar. 8, 2010) (dismissing with prejudice a plaintiff's complaint alleging "that the CIA has subjected her to 'voice to skull technology' which it is using as a 'mind control weapon'" because "[t]hese are precisely the type of frivolous claims that are subject to dismissal for lack of jurisdiction").

The Clerk shall close the case files.

**IT IS SO ORDERED.**

Dated: July 22, 2015

_____
LUCY H. KOH
United States District Judge